UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FRANK HOGAN,

                Plaintiff,

     -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

               Defendant.
------------------------------------------------------------X

13 CV 0439 (AJN)

**ANSWER TO COMPLAINT**

DOCUMENT
ELECTRONICALLY FILED

Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Sedgwick LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

## THE PARTIES

FIRST.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the plaintiff's Complaint.

SECOND.     Denies each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that MetLife is a corporation duly licensed to engage in the business of insurance in the State of New York with its principal place of business located at 1095 Avenue of the Americas, New York, New York 10036.

## JURISDICTION AND VENUE

THIRD.      Denies each and every allegation contained in paragraph "3" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that this Court has federal question subject matter over this action pursuant to 28 U.S.C. §1331 because plaintiff's claims arise under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

FOURTH.   Admits the truth of each and every allegation contained in paragraph "4" of the plaintiff's Complaint.

FIFTH.   Admits the truth of each and every allegation contained in paragraph "5" of the plaintiff's Complaint.

## FACTS

SIXTH.   Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that plaintiff was an employee of The Shaw Group for a portion of the time relevant to the allegations stated in plaintiff's Complaint.

SEVENTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the plaintiff's Complaint as alleged, except admits that MetLife issued a group policy of insurance to The Shaw Group, Inc. (the "Policy") to fund long term disability ("LTD") benefits under The Shaw Group, Inc. Employee Welfare Plan (the "Plan").

EIGHTH.   Denies each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

NINTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits plaintiff was eligible to and did enroll as a participant in the Plan.

TENTH.      Denies each and every allegation contained in paragraph "10" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

ELEVENTH.      Denies each and every allegation contained in paragraph "11" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWELFTH.      Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff was approved for LTD benefits limited to 24 months pursuant to the terms of the Plan.

THIRTEENTH.      Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FOURTEENTH.      Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

FIFTEENTH.      Denies each and every allegation contained in paragraph "15" of the plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court

and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTEENTH.   Denies each and every allegation contained in paragraph "16" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SEVENTEENTH.   Denies each and every allegation contained in paragraph "17" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits MetLife paid plaintiff LTD benefits under the Plan until he exhausted all benefits available under the 24-month limitation applicable to his claim.

EIGHTEENTH.   Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

NINETEENTH.   Denies each and every allegation contained in paragraph "19" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTIETH.   Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by

MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that MetLife determined plaintiff had received all available Plan benefits once it had paid him 24 months of LTD benefits and therefore denied plaintiff's claim for further benefits pursuant to the terms of the Plan.

TWENTY-FIRST.   Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated June 26, 2012 MetLife advised plaintiff that it had upheld its original adverse benefit determination and advised plaintiff that no further benefits would be paid pursuant to the terms of the Plan limiting benefit payments for his allegedly disabling condition to 24 months.

TWENTY-SECOND.   Denies each and every allegation contained in paragraph "22" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein, except admits that plaintiff accurately quotes a portion of the governing Plan document.

TWENTY-THIRD.   Denies each and every allegation contained in paragraph "23" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, and further denies that MetLife's August 15, 2011 was a claim determination or appeal determination letter and also states that plaintiff attached no exhibits to his Complaint.

TWENTY-FOURTH.   Denies each and every allegation contained in paragraph "24" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, and further states that plaintiff attached no exhibits to his Complaint.

TWENTY-FIFTH.   Denies each and every allegation contained in paragraph "25" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, and further states that plaintiff attached no exhibits to his Complaint.

TWENTY-SIXTH.   Denies each and every allegation contained in paragraph "26" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SEVENTH.   Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-EIGHTH.   Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court

and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, and further states that plaintiff attached no exhibits to his Complaint.

  TWENTY-NINTH. Denies each and every allegation contained in paragraph "29" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

  THIRTIETH. Denies each and every allegation contained in paragraph "30" of the plaintiff's Complaint.

  THIRTY-FIRST. Denies each and every allegation contained in paragraph "31" of the plaintiff's Complaint.

  THIRTY-SECOND. Denies each and every allegation contained in paragraph "32" of the plaintiff's Complaint.

  THIRTY-THIRD. Denies each and every allegation contained in paragraph "33" of the plaintiff's Complaint.

  THIRTY-FOURTH. Denies each and every allegation contained in paragraph "34" of the plaintiff's Complaint.

  THIRTY-FIFTH. Denies each and every allegation contained in paragraph "35" of the plaintiff's Complaint.

  THIRTY-SIXTH. Denies each and every allegation contained in paragraph "36" of the plaintiff's Complaint.

THIRTY-SEVENTH.      Admits the truth of each and every allegation contained in paragraph "37" of the plaintiff's Complaint.

THIRTY-EIGHTH.      Denies each and every allegation contained in paragraph "38" of the plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-NINTH.   This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FORTIETH.   The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the plaintiff's Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-FIRST.   MetLife acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for her claims in this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FORTY-SECOND.   All actions about which plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTY-THIRD.   MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTY-FOURTH.   Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FORTY-FIFTH.   Defendant MetLife, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claims.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTY-SIXTH.   The Court's review of plaintiff's claim against MetLife is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH.   Plaintiff's claim is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH.   To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date MetLife determined he was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia,* the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

FORTY-NINTH. To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date MetLife determined he was not entitled to receive further benefits, her monthly benefit under the Plan must be reduced by any "other income" benefits he was eligible to receive

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FIFTIETH. Any findings by the SSA with respect to plaintiff's claim for SSDI benefits are neither determinative nor binding with respect to MetLife's evaluation of the plaintiff's claim for LTD benefits under the applicable Plan documents.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FIFTY-FIRST. To the extent necessary, defendant denies all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

**WHEREFORE**, defendant MetLife prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant, MetLife and against plaintiff;
2. That defendant, MetLife be awarded costs of suit incurred herein;
3. That defendant, MetLife be awarded reasonable attorney's fees; and
4. That defendant, MetLife be awarded such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 14, 2013

Respectfully submitted,

s/
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
T: 212.422.0202 | F: 212.422.0925
*Attorneys for Defendant*
*METROPOLITAN LIFE INSURANCE COMPANY*

TO: Justin C. Frankel, Esq. (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 312
Garden City, New York 11530
T: 516.222.1600
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (on behalf of Metropolitan Life Insurance Company) was served *ECF and Regular Mail* on March 14, 2013, upon the following:

> Justin C. Frankel, Esq. (JF-5983)
> Jason A. Newfield (JN-5529)
> FRANKEL & NEWFIELD, P.C.
> 585 Stewart Avenue - Suite 312
> Garden City, New York 11530
> T: 516.222.1600
> *Attorneys for Plaintiff*

Dated:   New York, New York
         March 14, 2013

                                         s/ _____
                                         MICHAEL H. BERNSTEIN (MB-0579)