ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NEW YORK 10281-2400
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*



*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

March 20, 2013

*Via Regular Mail and ECF*
Hon. Alison J. Nathan, U.S.D.J.
United States District Court For The
Southern District Of New York
40 Foley Square, Courtroom 23B
New York, New York 10007

Re:  *Frank Hogan v. Metropolitan Life Insurance Company*
     Civil Action No.: CV-13-0439(AJN)
     Our File No.: 00584-007718

Dear Judge Nathan:

Pursuant to this Court's Order dated February 8, 2013, the parties respectfully submit this joint letter for the Court's review.

## I.   Brief Statement of the Nature of the Action and the Principal Defenses thereto:

Plaintiff Frank Hogan ("Hogan") was formerly employed by Shaw Group Inc. ("Shaw") as a Senior Engineer and, as such, was a participant in the Shaw Group Inc. Employee Welfare Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA"). Benefits under the Plan are funded by a group policy of insurance issued to Shaw by Defendant Metropolitan Life Insurance Company ("MetLife"), which also administered all claims for Plan benefits pursuant to a full grant of discretionary authority in the governing plan documents.

Hogan was hired by Shaw on April 20, 2009, and left his job on October 13, 2009, claiming to be disabled due to lower back pain resulting from of a car accident that occurred on October 13, 2009. MetLife approved Hogan's claim for short term disability ("STD") benefits under the Plan through exhaustion and similarly approved his initial claim for long term disability ("LTD") benefits for 24 months (i.e. April 10, 2010 through April 11, 2012). However, following a review of the medical documentation that Hogan submitted in support of his claim for continuing LTD benefits, MetLife determined that Hogan was not entitled to further benefits beyond April 11, 2012 based on the Plan's 24 month limitation for neuromuscular and soft tissue disorders and pre-existing condition exclusion. Hogan then filed an administrative appeal of MetLife's initial adverse benefit determination. On this appeal, MetLife claimed to have reviewed all of the records in Hogan's claim file, including all of the documentation submitted by Hogan on appeal along with an independent medical record peer review physician consultant's report. Following a review of Hogan's claim on appeal, MetLife determined that its initial adverse claim decision was proper and thus, upheld that determination on appeal.

### A.  **MetLife's Defenses**:

1. MetLife's Adverse Benefit Determination was not Arbitrary or Capricious

Hon. Alison J. Nathan, U.S.D.J.
Re:  Hogan v. MetLife
Civil Action No.: CV-13-0439(AJN)
Page 2

    MetLife's adverse benefit determination in this matter was based on full and fair review of the plaintiff's claim, and was therefore not arbitrary and capricious.  The Plan clearly contains a full grant of discretionary authority to MetLife authorizing it to make all eligibility and benefit claim determinations under the Plan. Therefore, MetLife's decision to deny the plaintiff's claim for continuing LTD benefits may only be overturned if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler* v. *First Reliance Standard Life Insurance Co.*, 181 F.3d 243, 249 (2d Cir. 1999). "'Substantial evidence' is 'such evidence that a reasonable mind must accept as adequate to support the conclusion reached by the [decision-maker and] requires more than a scintilla of evidence but less than a preponderance.'"  *Miller v. United Welfare Fund,* 72 F.3d 1066, 1072 (2d Cir. 1995); *see also, Fortune* v. *Long Term Group Disability Plan for Employees of Keyspan Corp.*, 637 F. Supp. 2d 132, 141 *aff'd* 391 Fed.Appx. 74 (2d Cir. 2010); *see also Bergquist* v. *Aetna U.S. Healthcare,* 289 F.Supp.2d 400, 410 (S.D.N.Y. 2003). Moreover, where both the claims administrator and claimant "offer rational, though conflicting, interpretations of plan provisions, the [administrator's] interpretation must be allowed to control." *Pulvers* v. *First Unum Life Ins. Co.*, 210 F.3d 89, 92-93 (2d Cir. 2000); *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 88 (2d Cir. 2009).  In addition, MetLife sent the plaintiff's records for an independent medical record physician peer review prior to issuing its final benefit determination and that independent physician consultant issued a report in which he rendered a medical opinion that fully supported MetLife's final adverse determination. Accordingly, MetLife's determination was based on substantial evidence and not arbitrary and capricious. Therefore, MetLife's benefit determination should not be overturned.

    a.   PLAINTIFF'S CONTENTIONS:

    The most recent decision from the Second Circuit, *Levitian v. Sun Life & Health Ins. Co.*, 486 Fed. Appx. 136 (2d Cir., 2012), serves to underscore that the Second Circuit appreciates the precedential impact of *Met Life v. Glenn*, 128 S.Ct. 2343 (2008).  In *Levitian*, the Second Circuit cited *Glenn*, stating "[I]n examining how a reviewing court should take account of [an administrative] agency's reversal of its own examiner's factual findings, [the Supreme] Court ... held that the reviewing judge should take account of that circumstance as a factor in determining the ultimate adequacy of the record's support for the agency's own factual conclusion." *Id.* at *8.

    In *Glenn*, the Supreme Court emphasized that "ERISA imposes higher-than-marketplace quality standards on insurers", which "sets forth a special standard of care upon a plan administrator, namely that the administrator 'discharge [its] duties' in respect to discretionary claims processing 'solely in the interests of the participants and beneficiaries' of the plan." *Id.* at 2349-50, *quoting* ERISA §1104(a)(1).

Higher than marketplace standards would compel a neutral fiduciary to not conduct such a one-sided review of evidence.  *Durakovic*, 609 F.3d at 140 (2d Cir. 2010)(relying upon one report to the detriment of a more detailed contrary report without further investigation was unreasonable).

    [A] court's review of a plan administrator's denial of benefits 'should be guided by principles of trust law.'" *Soucy v. First Unum Life Ins. Co.*, 2011 U.S. Dist. LEXIS 27938,* 80 (D. Conn. 2011).

    Met Life's medical reviews do not constitute "substantial evidence".  *Soron v. Liberty Life Assur. Co. of Boston*, 2005 U.S. Dist. LEXIS 42972, * 35 (N.D.N.Y. 2005); *see also Rappa v. Conn. Gen. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 91094, * 34-35 (E.D.N.Y. 2007); *Diamond v. Reliance Std. Ins.*, 672 F.Supp.2d 530, 537 (S.D.N.Y. 2009).  *See also Ross v. Verizon*, 2011 US Dist. LEXIS 109471, at * 66-67 (N.D.N.Y. 2011)(distinguishing *Hobson* and noting the dismissive treatment of the attending physicians' opinions).

    The mere fact that Met Life undertook to hire well known insurance pandering medical reviewers, who never met, treated, examined or evaluated Plaintiff personally, does not serve to support a finding that its decision is based upon substantial evidence.

    Moreover, while Met Life is not specifically obliged to conduct an actual examination of Plaintiff, the failure to do so, in favor of a pure paper only review of medicals, is a consideration for the Court as to whether Met Life abused its discretion.

### 2. MetLife's Structural Conflict of Interest did not Influence its Benefit Determination

While MetLife's dual role as claims administrator and insurer creates a "structural conflict of interest" that must be considered by a reviewing court under the Supreme Court's ruling in *Metro. Life Insurance Co.* v. *Glenn*, 554 U.S. 105 (2008), that conflict of interest does not change the standard of review. *Id.* at 116-117; *see McCauley* v. *First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008); *see also Strope* v. *Unum Provident Corp.*, 2009 WL 656300, *2 (W.D.N.Y. 2009). In its July 29, 2009 decision in *Hobson v. MetLife*, the Second Circuit refused to give *any weight* to the administrator's structural conflict of interest unless the plaintiff could demonstrate that the conflict "influenced [the administrator's] reasonable interpretation of [Plaintiff's] claim for benefits. *Hobson,* 574 F.3d at 82. More recently*,* the Second Circuit held that "[n]o weight is given to a conflict in the absence of any evidence that that the conflict actually affected the administrator's decision." *Durakovic*, 2010 WL 2519645, at *5 (citing, *Hobson*, 574 F.3d at 83). Thus, the "structural conflict of interest" issue should do little to diminish the significant deference to be afforded to MetLife's determination by the Court when reviewing this case and should not change the fact that its determination should be upheld under an arbitrary and capricious standard of review.

The Second Circuit has also held (in an unpublished decision) that conflict of interest considerations should not be given any weight where the administrator's determination is supported by substantial evidence in the record. *Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan,* 367 Fed.Appx. 230, 233 (2010 2d Cir.). Finally, the Supreme Court's ruling in *Conkright v. Frommert*, 130 S.Ct. 1640 (2010), highlighted that "there is little place in the ERISA context for [any kind] of 'special procedural rules [that] would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress.'" *Conkright,* 130 S.Ct. at 1650. (quoting *Glenn*, 554 U.S. at 116-117.).

   a.   PLAINTIFF'S CONTENTIONS:

Contrary to Met Life's position, conflict is a factor to be considered. *See Glenn*; *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 134-38 (2d Cir. 2008) (where conflict afforded weight due to the reliance upon a single medical report to the detriment of a more detailed report). Plaintiff will be seeking to demonstrate case specific evidence that Met Life's conflict was significant. *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 140-41 (2d Cir. 2010). Evidence that a conflict affected a decision may be categorical or case specific. *Id.*

Discovery is both appropriate and necessary, to assist Plaintiff is making its showing and it aiding the Court's consideration of the conflict of interest, from the standpoint of the case specific evidence to be considered. *See Alberigo v. Hartford*, 2012 U.S. Dist. LEXIS 134013 (E.D.N.Y. 2012) (addressing the case specific evidence of conflict influenced actions).

### 3. It is MetLife's Position That The Court's Review is Limited to the Administrative Record

The plaintiff may not rely on any evidence that is not included in the Administrative Record. Second Circuit case law unambiguously and uniformly holds that when, as here, an ERISA Plan grants a claim administrator discretionary authority to make benefit determinations, the Court must "evaluate the fairness of a claim administrator's determination based only on the information in the administrative record and the governing law." *See Martucci* v. *Hartford Life Ins. Co.*, No. 10 Civ. 6231 (BSJ) (RLE), 2012 WL 1034815, *5 (S.D.N.Y. March 27, 2012); *see e.g., Miller*, 72 F.3d at 1071; *Testa* v. *Hartford Life Ins. Co.*, 483 Fed.Appx. 595, 598 (2d Cir. May 16, 2012) (Summary Order); *Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169 (WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Salute* v. *Aetna Life Ins Co.*, No. 04 CV 2035 (TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Bergquist,* 289 F.Supp.2d at 411. The administrative record is comprised of all information that was before the claim fiduciary when it considered the plaintiff's claim for benefits. *See Miller*, 72 F.3d at 1071.

   a.   PLAINTIFF'S CONTENTIONS:

Contrary to Defendant's position, Courts have regularly considered evidence outside of the administrative record, and have discussed the discretionary nature of such a determination.

*See Van Hoven v. 1199 SEIU Pension and Benefit Funds*, 2012 U.S. Dist. LEXIS 19228, at * 5 (S.D.N.Y. 2012), where the Court stated:

> A district judge may expand its review of an administrative decision beyond the record in front of the claims administrator upon finding 'good cause' warranting the introduction of additional evidence. *Krizek v. Cigna Grp. Ins.*, 345 F.3d 91, 96 (2d Cir. 2003) (quoting *Zervos v. Verizon, N.Y., Inc.*, 277 F.3d 635, 646 (2d Cir. 2002). Evidence of bias or misconduct could constitute such good cause. *DeFelice v. Am. Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 67 (2d Cir. 1997).

"The decision to consider evidence outside the administrative record is one which is discretionary with the district court, but which discretion ought not to be exercised in the absence of good cause."  *Varney v. NYNEX*, 2011 U.S. Dist. LEXIS 149784 (E.D.N.Y. 2011), quoted by *Mattera v. Liberty Life Assur. Co.*, 2012 U.S. Dist. LEXIS 50591 (E.D.N.Y. 2012).

In *Veryzer v. Am. Int'l Lif Assur. Co.*, 468 Fed. Appx. 72, 73 (2d Cir. 2012), the Second Circuit stated "we remand to the district court to decide whether to exercise its discretion in considering material outside the record", in deciding the case under an arbitrary and capricious standard of review.  Thus, it is readily apparent that even under an arbitrary and capricious standard of review, it is within the discretion of the District Court whether to consider evidence beyond the administrative record.  In *Veryzer*, the Second Circuit, in re-affirming the vitality of this concept, cited to *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614 (2d Cir. 2008).

A myriad of published decisions support discovery in this action.  The issue before the Court may well be whether good cause need be established, but the entitlement to discovery cannot be challenged.  See *Hogan-Cross v. Met Life*, 568 F.Supp.2d 410 (S.D.N.Y. 2008).  The most stringent standard that could be applied to consideration of this dispute is whether there is "a reasonable chance that the requested discovery will satisfy the good cause requirement" to take discovery outside of the record.  *Mergel v. Prudential Life Ins. Co. of Am.*, 2009 U.S. Dist. LEXIS 85594 (S.D.N.Y. 2009), quoting *Trussel v. Cigna Life Ins. Co.*, 552 F.Supp.2d 387, 390 (S.D.N.Y. 2008)(discussing how direct evidence of a conflict is rarely likely to appear in any administrator's decision); *Burgio v. Prudential Life Ins. Co. of Amer.*, 253 F.R.D. 219, 230 (E.D.N.Y. 2008); *Mattera v. Liberty Life Assur. Co.*, 2012 U.S. Dist. LEXIS 50591 (E.D.N.Y. 2012).

4. **Plaintiff's Claim for Attorney's Fees is Premature**

Hogan also makes a claim for attorney's fees incurred in the prosecution of this lawsuit under ERISA §502(g)(1), 29 U.S.C. §1132(g)(1). However, in *Hardt* v. *Reliance*, No. 09-448, 130 S. Ct. 2149 (2010), the U.S. Supreme Court ruled that a litigant must have "achieved 'some degree of success on the merits'" in order to be eligible for a fee award. *Id* at 2158. The Court ruled that if a party satisfies this threshold inquiry, then the district court has discretion to determine the amount of fees to award, if any. *Id.* In this case, MetLife will argue that it is possible that either party may achieve "some degree of success on the merits," which would entitle either party to legal fees. Therefore, the question of whether any party is entitled to attorney's fees is premature.

II. **A Brief Explanation of Why Jurisdiction and Venue Lie in This Court**:

It is undisputed that the Plan at issue is an employee welfare benefit plan governed under ERISA. Since this matter involves a claim for LTD benefits under an ERISA plan, the parties agree that this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). The parties also agree that venue is appropriate in this judicial district under 28 U.S.C. § 1391(a)(1) and § 1391(c).

III. **A Brief Description of All Outstanding Motions and/or All Outstanding Requests to File Motions:**

There are no pending motions or requests to file motions before the Court.

### IV.  A Brief Description of any Discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations

As referenced in Section I (A)(2), *supra.*, it is MetLife's position that any discovery outside the Administrative Record, including depositions, is irrelevant to this ERISA 502(a)(1)(B) claim for benefits. MetLife will produce the Administrative Record to the plaintiff with its initial disclosures pursuant to Rule 26(a)(1), FED. R. CIV. P.

It is Plaintiff's position, as outlined above, that discovery is both appropriate and necessary.

### V.  A List of All Prior Settlement Discussions, Including the Date, the Parties Involved, and the Approximate Duration of such Discussions, if any:

MetLife recently received a settlement demand from plaintiff's counsel. MetLife requested that plaintiff's counsel indicate how he arrived at that number. Plaintiff provided a response on March 19, 2013. MetLife is now considering how to respond to plaintiff's demand

Plaintiff made a settlement demand, at Met Life's request, on February 28, 2013.  To date, Met Life has not provided any response, nor has it provided its own calculations of exposure of the litigation.

### VI.  The Estimated Length of Trial:

MetLife anticipates that this ERISA §502(a)(1)(B) case should be resolved by dispositive motions. *See Fortune*, 637 F. Supp. 2d at 144 *aff'd* 391 Fed.Appx. 74; *see also Gannon*, 2007 WL 2844869 at *13; *Leahy* v. *Raytheon Co.*, 315 F.3d 11 (1st Cir. 2002) (holding that "in an ERISA benefit denial case, trial is usually not an option: in a very real sense, the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary.").

a. PLAITNIFF'S CONTENTIONS:

Should this Court determine that issues of material fact remain in dispute, upon its consideration of a motion for summary judgment, a trial should be held to resolve such issues of fact.  *See O'Hara v. Nat'l Union Fire Ins. Co.*, 642 F3d 110 (2d Cir. 2011) and  *Barber v. Sun Life*, 2012 U.S. Dist. LEXIS 22607 (D. Conn. 2012)(summary judgment not appropriate where material issues of fact remain in dispute, regardless of standard of review).  *See Also Cacoperdo v. Hartford Life Ins. Co.*, SDNY, 10CV7847 (RPP) (unpublished, but denying cross motions for summary judgment and scheduling a trial)(reconsideration motion by Defendant pending). *Matisi v. Liberty Mutual Group, Inc.*, 2012 U.S. App. LEXIS 18181 (2d Cir. 2012), came before the Second Circuit on appeal following a bench trial, and where evidence beyond the administrative record was considered.  This provides further authority for a trial and for the admission of evidence beyond the administrative record.

Plaintiff contends that a trial, if necessary, would take approximately 3 days.

### VII.  Any other information that the parties believe may assist this Court in resolving the action:

The parties do not believe there is any further information that may assist the Court in resolving this action at this point in the litigation.

Thank you for your consideration of this matter.

Hon. Alison J. Nathan, U.S.D.J.
Re:  Hogan v. MetLife
Civil Action No.: CV-13-0439(AJN)
Page 6

Respectfully submitted,

| | |
|---|---|
| s/ | s/ |
| JASON A. NEWFIELD (JN-5529) | MICHAEL H. BERNSTEIN (MB-0579) |
| JUSTIN C. FRANKEL, ESQ.  (JF-5983) | MATTHEW P. MAZZOLA (MM-7427) |
| FRANKEL & NEWFIELD, P.C. | SEDGWICK LLP |
| 585 Stewart Avenue - Suite 312 | 225 Liberty Street, 28th Floor |
| Garden City, New York 11530 | New York, New York 10281-1008 |
| T:  516.222.1600 | T:  212.422.0202 | F:  212.422.0925 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| | *METROPOLITAN LIFE INSURANCE COMPANY* |

NY/1256245v1